Paul Mode v. Commissioner.
Mode v. Commissioner
Docket No. 30983.
United States Tax Court
1952 Tax Ct. Memo LEXIS 324; 11 T.C.M. (CCH) 140; T.C.M. (RIA) 52036; February 14, 1952
*324 Paul Mode, pro se. Robert R. Blasi, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined deficiencies in income tax for 1945 and 1946 in the respective amounts of $118.40 and $218.67. Petitioner is a resident of Hartsdale, New York. He filed individual income tax returns for 1945 and 1946 with the collector of internal revenue for the second district of New York. He was employed in those years as a sales agent by the Holyoke Wire & Cable Co. of New York, New York. On his return for 1945 he claimed deductions for Travelling expenses
$1,500
Gratuities, plus Christmas Gifts
to trade
150
Telephone
125
$1,775
In his 1946 return petitioner claimed deductions for Travelling expenses
$ 350
Gratuities
225
Entertaining
250
Telephone
50
$ 875 He deducted $875 as expenses from the salary shown on page 1 of his return, and on page 3 claimed the itemized deductions. Petitioner later conceded that the amount of $875 was deducted twice by error, but contended that he had expenses for 1946 in excess of those reported on the return. Respondent allowed $1,275 as a deduction *325 for business expenses for 1945 and $875 for 1946, and determined the deficiencies accordingly. Petitioner contests these determinations. In a sworn statement made in 1950 petitioner detailed the following items as to each of the years 1945 and 1946: Rent of office
$ 300
Stenographer - share
120
Telephone
300
Travel-fares (local)
400
Gratuities
200
Entertaining
300
$1,620
Petitioner produced no books or records or other evidence to corroborate his figures. At one time he had a statement from the telephone company to show the amount of actual telephone expense, but did not keep this. He had destroyed his cancelled checks. He had not kept records of his travel expenses. His principal contention is that office rent and clerk hire for which no deductions were claimed should now be added to the deductible expenses in each year. In an affidavit dated May 4, 1950, he states that he has occupied office space at 29 West 36th Street, New York, New York for several years at an annual rental of $300. This does not affirmatively cover the years 1945 and 1946. There is no other affirmative evidence of the expenses claimed. We are therefore unable to conclude that petitioner *326 has met the burden of proving error in respondent's determinations. Decision will be entered for the respondent.